**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-06165-NYW

NOE GONZALEZ PADILLA,

Petitioner,

v.

JUAN BALTASAR, in his official capacity
NATHAN RASPER, in his official capacity,
DAVID VENTURELLA, in his official capacity,
MARKWAYNE MULLIN, in his official capacity, and
TODD BLANCHE, in his official capacity,

Respondents.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter is before the Court on the Petition for Writ of Habeas Corpus (“Petition”). [Doc. 1]. Petitioner Noe Gonzalez Padilla (“Petitioner” or “Mr. Gonzalez Padilla”) is a citizen of Mexico who has been present in the United States for approximately 20 years. [*Id.* at ¶ 1]. He was detained by ICE on November 8, 2026. [*Id.* at ¶ 25]. He alleges that, at the time he filed his Petition, he had not yet received a bond hearing, but he also asserts that he was “scheduled for a preliminary master calendar hearing with an immigration judge on November 19, 2026.” [*Id.* at ¶¶ 2–3].[1] Petitioner asks the Court to declare that his detention violates the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act (“INA”), and the Administrative Procedure Act (“APA”). [*Id.* at 12]. Petitioner also asks for a Court order directing

[1] This case was assigned to the undersigned on November 19, 2026. *See* [Doc. 2].

Respondents to immediately release him or provide him a bond hearing. [*Id.*].

All of Petitioner's habeas claims, however, contemplate a *future* injury. Specifically, Count One states that he "*will be* denied a bond hearing in which the burden of proof is allocated to the government to show that his continued detention is warranted." [*Id.* at ¶ 39 (emphasis added)]. Similarly, Count Two is based on the yet-to-be-held hearing, asserting that Petitioner is "entitled to a fair bond hearing before a neutral decisionmaker, but under current immigration court administration bond hearings have preordained outcomes and are *unlikely* to be fair." [*Id.* at ¶ 44 (emphasis added)]. And finally, Count Three states that Petitioner is detained in violation of the INA and the APA because "[t]he government's placement of the burden on [Petitioner] in a bond proceeding to show that he is not a danger nor a flight risk is not in accordance with the law . . ., is contrary to his constitutional rights . . ., and without observance or procedure required by law." [*Id.* at ¶ 48]. But again, Petitioner alleges that, at the time he filed his Petition, he had not yet received any bond hearing. *See* [*id.* at ¶ 3].

"Article III of the U.S. Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Defs. of Wildlife v. Everson*, 984 F.3d 918, 944–45 (10th Cir. 2020) (quoting U.S. Const. art. III, § 2, cl. 1). Because "Article III standing is a jurisdictional issue," the Court must "satisfy [itself] that it exists here." *Kerr v. Polis*, 20 F.4th 686, 692 (10th Cir. 2021) (quotation omitted). "To establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)). "Although imminence is concededly a somewhat elastic concept, it cannot be stretched

beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly* impending." *Id.* (quotation omitted). The Supreme Court has "repeatedly reiterated" that "allegations of *possible* future injury are not sufficient" to establish Article III standing. *Id.* (cleaned up).

Mr. Gonzalez Padilla's Petition—filed in advance of his November 19, 2026 "preliminary master calendar hearing"—does not allege an injury in fact that is actual and certainly impending. He appears to acknowledge the preemptive nature of his Petition, asserting that "[a]ny bond hearing conducted under the existing administrative framework would be governed by the burden-of-proof standards established by the Board of Immigration Appeals," which is "the very burden-allocation framework challenged in [his] Petition." [Doc. 1 at ¶ 35]. But Petitioner does not cite any legal authority that would permit this Court to find a due process or statutory violation based on conduct that has—based on Petitioner's allegations—not yet occurred. *See generally* [*id.*]. Petitioner is represented by able counsel, and the Court cannot act as an advocate for any party or perform legal research on a party's behalf. *Lebahn v. Owens*, 813 F.3d 1300, 1308 (10th Cir. 2016). Moreover, given this Court's limited jurisdiction over immigration matters, the Court respectfully declines to intervene before it is clear whether a bond hearing has been held and, if so, how the hearing was conducted.

As currently framed, Petitioner alleges only a "conjectural" or "hypothetical" injury. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). This is insufficient to establish Article III standing. *See id.* Accordingly, the Petition is respectfully **DENIED without prejudice and with leave to re-file**. Should Petitioner choose to file an amended petition, he may do so on or before **December 14, 2026**. If no amended petition is filed

by that date, the Court will direct the Clerk of Court to terminate this case.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Petition for Writ of Habeas Corpus [Doc. 1] is **DENIED without prejudice and with leave to re-file**; and

(2) Any amended petition shall be filed on or before **December 14, 2026**. If no amended petition is filed by that date, the Court will direct the Clerk of Court to terminate this case without any further warning.

DATED: November 23, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge